IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| AMERICAN BEVERAGE CORPORATION., | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 15-1018 |
| v. | ) | Judge Cathy Bissoon |
| FLORIDA FRUIT JUICES INC., | ) | |
| Defendant. | ) | |

## ORDER

Defendant's Motion to Dismiss, for a more definite statement or to transfer (**Doc. 12**) is **DENIED**.

Plaintiff has alleged plausible claims of trade dress infringement and unfair competition. Defendant has identified no binding legal authority requiring the level of specificity it would demand of Plaintiff. To the extent that non-binding decisions may be read to support Defendant's position, the Court declines to follow them. Simply put, the Complaint contains sufficient averments in support of Plaintiff's claims, including an identification of the elements comprising Plaintiff's trade dress.

Defendant's extensive reliance on Plaintiff's pre-litigation correspondence is inappropriate. Although the Court may consider materials outside of the pleadings under the "integral document(s)" exception, the Complaint references Plaintiff's cease-and-desist letter(s) only to establish that Defendant was on notice of the alleged infringement. *See id.* (Doc. 1) at ¶¶ 33-34. This does not warrant the levels of dissection, contrast and comparison indulged by Defendant, between the letters and the allegations in the Complaint, in an effort to support

(if not manufacture) arguments of non-specificity. The averments of the Complaint control, and they are sufficient. *Compare generally id.* (alleging, among other things, trade dress theories, elements thereof, non-functionality, distinctiveness and secondary meaning) *with, e.g.*, Profoot, Inc. v. MSD Consumer Care, Inc., 2012 WL 1231984, *3 (D. N.J. Apr. 12, 2012) (finding analogous averments sufficient).[1]

As to Defendant's request for a transfer under Section 1404(a), the Court finds insufficient grounds to deviate from Plaintiff's choice of forum. Under the law, Plaintiff's prerogative is a "paramount consideration" that will "not lightly be disturbed." York Group, Inc. v. Pontone, 2014 WL 3735157, *9 (W.D. Pa. Jul. 28, 2014) (citation to quoted source omitted). Defendant's two main premises are the financial disparity between the parties, and the presumed inconvenience of non-party witnesses. *See* Def.'s Br. (Doc. 13) at 30-32. Plaintiff responds that Defendant's website holds itself out as a multi-million dollar corporation, and Defendant disputes neither the content of the website nor its accuracy. While Plaintiff is, by comparison, a larger concern, this is not quite the "David and Goliath" scenario suggested by Defendant's counsel. As to availability of non-party witnesses, Defendant has not put forth the quantity and quality of evidence contemplated in the caselaw it cites. *Compare* Def.'s Br. (Doc. 13) at 31-32 (offering conclusory and speculative statements of potential witness difficulties) *with* Pontone at *10-11 (explaining level of content and detail required to show actual witness unavailability,

---

[1] As to Plaintiff's state law claim, the parties appear in agreement that the legal standards under Pennsylvania common law are coextensive with those governing the federal claims. *See* Pl.'s Opp'n Br. (Doc. 16) at 18-19; Ebeling & Reuss, Ltd. v. Swarovski Int'l Trading Corp., 1992 WL 211554, *11 (E.D. Pa. Aug. 24, 1992) ("[t]he Pennsylvania common law of unfair competition is identical to the provisions of the Lanham Act[,] except that interstate commerce is not required") (citation omitted). Although the Complaint also makes passing reference to Pennsylvania "statut[e]," *see* Compl. at ¶ 52, Plaintiff's opposition papers are, in that respect, silent. The Court believes these circumstances sufficient to signal Plaintiff's withdrawal of putative claims under state-statute. Should there remain any doubt, though, this ruling should be understood to operate as a dismissal.

2

cautioning against "presum[ptions]" that witnesses will not appear and discussing amelioration through use of technological advances). Finally, as to the locus and/or "center of gravity" of this case, Defendant concedes that purportedly infringing products were sold in this District, and Plaintiff asserts, and Defendant does not dispute, that it discovered the alleged infringement here. *See* Pl.'s Opp'n Br. (Doc. 16) at 22.

The law dictates that, "unless the balance of convenience . . . is <u>strongly in favor of [D]efendant</u>, [P]laintiff's choice of forum should prevail." <u>Pontone</u> at *2 (citation to quoted source omitted, emphasis added). Defendant has not made such a showing, and its request for a transfer, therefore, is denied.

IT IS SO ORDERED.


April 26, 2016                                           s\Cathy Bissoon
                                                                    Cathy Bissoon
                                                                    United States District Judge

cc (via ECF email notification):

All Counsel of Record